# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) </br>) </br>Plaintiff, ) </br>) </br>v. ) </br>) </br>IMM INTERACTIVE, INC., a New York ) </br>Corporation formerly known as INTERMARK ) </br>COMMUNICATIONS, INC., also d/b/a COPEAC ) </br>and INTERMARK MEDIA ) </br>) </br>Defendant. ) </br>) | Case No.  11 C 2484 |

## COMPLAINT FOR PERMANENT INJUNCTION
## AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

**DEFENDANT**

6. Defendant IMM Interactive, Inc., formerly known as Intermark Communications, Inc., and also doing business as COPEAC and Intermark Media, is a New York corporation with its principal place of business at 135 Crossways Park Drive, Woodbury, New York 11797. IMM Interactive, Inc. transacts or has transacted business in this district and throughout the United States.

**COMMERCE**

7. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS ACTIVITIES**

8. Since at least February 2010, Defendant has advertised, marketed, and promoted various products to consumers throughout the United States, including acai berry products,

which include but are not limited to Acai Optimum, Acai Reduce, Acai Pure, and LeanSpa (the "Acai Berry Products"), and also including companion products, which include but are not limited to Max Cleanse Pro, Advanced Cleanse, Rio Cleanse, Natura Cleanse, and Colotox (collectively, the "Companion Products"), all of which Defendant advertises, markets, and promotes with Acai Berry Products.

9. Defendant promotes products through websites designed to look like news reports. The sites use domain names such as channel2local.com, channel9healthbeat.com, channel9investigates.com, consumerproductsdaily.com, nbssnewsat6.com, and news4daily.tv, and include titles such as "Consumer Products Daily," "Channel Local 2," "9 News," "News 9," "NBS News 6," and "News 4 Daily." The sites often include the names and logos of major broadcast and cable television networks, falsely representing that the reports on the sites have been seen on these networks.

10. The sites purport to provide objective investigative reports authored by reporters or commentators typically pictured on the sites. The supposed authors of the reports claim to have tested the products on themselves and experienced dramatic and positive results. Following the reports are "responses" or "comments" that appear to be independent statements made by ordinary consumers.

11. In fact, Defendant's news reports are fake. Reporters or commentators pictured on the sites are fictional and never conducted the tests or experienced the results described in the reports. The "responses" and "comments" following the reports are simply additional advertising content, not independent statements from ordinary consumers.

12. The sole purpose of Defendant's websites is to promote the featured products on behalf of third-party merchants who then sell the products on other websites. Defendant's

promotional websites are designed to entice consumers to click on links that will transfer them to a merchant's website. Defendant receives a commission or other payment for each consumer who clicks on a link and ultimately makes a purchase or signs up for a "free trial" on the merchant's website. In this context, Defendant commonly is referred to as an "affiliate marketer." Defendant also operates a network of affiliate marketers.

13. Defendant has failed to disclose in a clear and conspicuous manner that it is not objectively evaluating these products and, in fact, is being paid to promote the products. Defendant's websites either fail entirely to disclose these facts, or fail to do so adequately. The relevant information, if disclosed at all, typically appears in small type at the bottom of the web page, following the fake consumer comments, well below the links to the products being sold.

14. In promoting the Acai Berry Products and the Companion Products through its websites, Defendant also makes deceptive claims about the Acai Berry Products and the Companion Products. Defendant has represented, for example, that taking the Acai Berry Products, alone or in combination with the Companion Products, causes rapid and substantial weight loss. Defendant typically claims on its sites that reporters who tested the Acai Berry Products, alone or in combination with the Companion Products, on themselves lost twenty-five pounds in four weeks without any special diet or intense exercise.

15. In truth and in fact, the Acai Berry Products, alone or in combination with the Companion Products, do not cause rapid and substantial weight loss, nor does Defendant possess and rely upon a reasonable basis to substantiate representations that consumers who use the Acai Berry Products, alone or in combination with the Companion Products, will rapidly lose a substantial amount of weight.

## VIOLATIONS OF THE FTC ACT

16. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

17. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the Acai Berry Products are either a "food" or "drug" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b), (c).

## COUNT ONE

### False and Unsubstantiated Product Claims

18. Through the means described in Paragraphs 8 through 15 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that use of the Acai Berry Products, alone or in combination with the Companion Products, will result in rapid and substantial weight loss, including as much as twenty-five pounds in four weeks.

19. The representations set forth in Paragraph 18 of this Complaint are false or were not substantiated at the time the representations were made.

20. Therefore, the making of the representations as set forth in Paragraph 18 of this Complaint constitutes a deceptive act or practice and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## COUNT TWO

### Misrepresentations (Fake News Reports)

21. Through the means described in Paragraphs 8 through 15 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that:

    a. Defendant's websites are objective news reports;

    b. Objective news reporters have performed independent tests demonstrating the effectiveness of the products featured, including but not limited to the Acai Berry Products, alone or in combination with the Companion Products; and

    c. The comments following the "articles" on Defendant's websites express the views of independent consumers.

22. In truth and in fact:

    a. Defendant's websites are advertisements made to appear as objective news reports;

    b. Objective news reporters have not performed independent tests demonstrating the effectiveness of the products featured, including but not limited to Acai Berry Products, alone or in combination with the Companion Products; and

    c. The comments following the "articles" on Defendant's websites do not express the views of independent consumers.

23. Therefore, the making of the representations as set forth in Paragraph 21 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

### Failures to Disclose (Connection to Seller)

24.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Acai Berry Products, the Companion Products and other products, including through the means described in Paragraphs 8 through 15 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that the content of its websites has been authored by an objective journalist who has conducted independent tests.

25.     In numerous instances in which Defendant has made the representations set forth in Paragraph 24 of this Complaint, Defendant has failed to disclose or disclose adequately to consumers that the content of Defendant's websites has not been authored by an objective journalist but is in fact an advertisement placed by Defendant.  Defendant receives commissions or other payments when consumers purchase the products or sign up for "free trials" on the product-selling websites.

26.     Defendant's failure to disclose or disclose adequately the material information described in Paragraph 25 of this Complaint, in light of the representation described in Paragraph 24 of this Complaint, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

27.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act.  In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

28. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendant;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

WILLARD K. TOM
General Counsel

/s/ Steven M. Wernikoff
Steven M. Wernikoff
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(312) 960-5630 [phone]
(312) 960-5600 [fax]

Attorney for Plaintiff
FEDERAL TRADE COMMISSION

DATED: April 13. 2011